IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00040-ZLW

WILLIAM A. MAUNZ,

    Plaintiff,

v.

DENVER COUNTY SHERIFF'S DEPT.,
DENVER DETENTION CENTER, and
OFFICE OF THE MAYOR,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, William A. Maunz, has filed *pro se* on March 10, 2011, a "Motion to Reconsider" (Doc. #8) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on February 23, 2011. The Court must construe the motion to reconsider liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Maunz's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice because Mr. Maunz failed to cure all of the deficiencies he was directed to cure in an order entered on January 14, 2011. More specifically, Mr. Maunz failed to submit a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Although Mr. Maunz has submitted to the Court a certified copy of his inmate trust fund account statement with the motion to reconsider, he does not address in the motion to reconsider his failure to submit a certified copy of his inmate trust fund account statement within the time allowed. Instead, Mr. Maunz makes a vague and

conclusory assertion in the motion to reconsider that the Court is prejudiced against him.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Maunz fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Maunz fails to explain or address his failure to cure all of the deficiencies within the time allowed and his belated effort to cure the remaining deficiency does not justify vacating the order dismissing this action. Furthermore, Mr. Maunz's conclusory assertion that the Court is biased against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a). **See Liteky v. United States**, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") Therefore, the motion to reconsider will be denied. Mr. Maunz is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Maunz wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the motion to reconsider (Doc. #8) filed on March 10, 2011, is denied.

DATED at Denver, Colorado, this 17th day of March, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00040-BNB

William Maunz
Prisoner No. 457517
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 17, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk